## Illinois Central Railway Company v. Summers.

(Decided March 18, 1927.)

### Appeal from Ballard Circuit Court.

Trial.—Instruction in action against railroad for personal injuries and destruction of automobile in collision with train as to care required, if crossing was especially dangerous, held not erroneous in failing to require care, if plaintiff could have known crossing was dangerous by exercise of ordinary care, where it was admitted that plaintiff knew of such alleged condition of crossing.

TRABUE, DOOLAN, HELM & HELM, W. T. WHITE and WHEELER & HUGHES for appellant.

HOLIFELD, GARDNER & McDONALD and R. M. SHELBOURNE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee recovered a judgment against the appellant in the sum of $750.00 for personal injuries and the destruction of his automobile caused by a collision of his automobile, which he was driving, with a train of the appellant. From that judgment appellant prosecutes this appeal, relying on but two grounds for reversal: (a)

That it was entitled to a peremptory instruction; (b) error in instruction No. 2.

This is a companion case to that of Illinois Central Railroad Co. v. Peebles, 216 Ky. 9, 287 S. W. 574, where a very full statement of the facts involved may be found. The testimony produced in this case is practically the same as was in that case.

In view of the conflict in the testimony, it is plain appellant was not entitled to a peremptory instruction. The questions whether appellant was negligent or not, and whether appellee was guilty of contributory negligence or not, were questions of fact for the jury.

Instruction No. 2 told the jury the duties which were incumbent upon appellee on the occasion in question. With reference to the contention that the crossing on which this accident happened was an extrahazardous one, the court told the jury that, "if the crossing was especially dangerous *and he (appellee) knew it,* it was incumbent on him to exercise increased care commensurate with the danger." Appellant insists that this instruction is erroneous, because it fails to say, after the words italicized by us, "or could have known it by the exercise of ordinary care." Whether appellant would be correct in its contention if there was any dispute about the appellee's knowledge of the alleged condition of this crossing, we need not determine, for he, on his examination, admitted he knew of this alleged condition of this crossing, and he detailed the things he claimed he did in the management and operation of his automobile because of such knowledge. As there was no dispute about appellee's knowledge of the conditions surrounding this crossing, appellant was not prejudiced by the omission of the words it says should have been inserted in this instruction.

No error prejudicial to appellant's substantial rights appearing, the judgment is affirmed.